BEFORE THE FIRST DIVISION, NOVEMBER 25, 1946

**No. 51432.**—Petition 6500–R of Sontag's Shoe Stores (Tampa).

Cole, Judge: Petitioner imported at Miami, Fla., from Guadalajara, Mexico, three shipments of Mexican sandals, known as "huaraches." The merchandise was entered at the invoice values which were advanced by the appraiser. Appeals for reappraisement were filed, and the cases litigated, first, before a single judge sitting in reappraisement, *Sontag's Shoe Stores* v. *United States*, 10 Cust. Ct. 513, Reap. Dec. 5797, who found in favor of the importer (petitioner), holding the entered values to be the dutiable export values, and then before a division sitting in review, *United States* v. *Sontag's Shoe Stores*, 14 Cust. Ct. 314, Reap. Dec. 6091, that reversed the decision of the lower court in finding that "the plaintiff (importer) failed to establish values for the merchandise other than those found by the appraiser." The court's later determination, sustaining the higher appraised values over the lower entered values, resulted in the imposition of additional duties, and it is to obtain remission of such additional duties that this petition is before us, section 489, Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1489).

At the trial in Miami before the writer, Albert A. Sontag, who helped to conduct his father's business at the time of the importations in question, testified that he ordered these huaraches, that when the shipments arrived and the consular invoices came before him he checked "the prices and the amount of merchandise and everything looked in order" so he sent all of the papers to his customs broker with instructions to "figure out whatever the amount of the duty should be," and that upon receipt of such information "I signed the check," and entry was made accordingly by the customs broker.

Cross-examination of the witness was directed almost exclusively to a statement appearing on one of the invoices in question concerning a rate of currency exchange. The notation referred to presented a legal proposition, forming the basis for the court's different conclusions in the proceedings in reappraisement, hereinabove outlined. The trial judge held that the action of the appraiser, converting the currency of the invoice, was a finding of value by computation and therefore voided the appraisement. The division disagreed with such construction and held that the appraiser's finding in Mexican currency was valid and followed the requirements of the statute. The matter of currency conversion, being highly controversial when the dutiable value of the present merchandise was being litigated, is not to be given the controlling influence, as urged by respondent, in the instant case where the sole issue is the good faith and intention of the petitioner in entering its merchandise, *United States* v. *American Metal Co., Ltd.*, 12 Ct. Cust. Appls. 440; T. D. 40612.

The customs broker testified that, prior to entry of the entries in question, she submitted the consular invoices to the entry clerk at Miami, who advised the rate of exchange to be used and which was followed on entry.

Counsel for the Government, in their brief, stress the fact that the entered value of the merchandise was lower than the amounts (collective exhibit 1) given in "payment of *these invoices*," and argue that such a condition shows "a lack of good faith on entry." The contention completely overlooks petitioner's testimony that the amounts paid included not only the cost of the huaraches under consideration, but also "other little trinklets and samples of other things that we never handled," as well as express and other charges.

The record before us, considered with the circumstances leading to final adjudication of the dutiable value of the huaraches in question, is satisfying that the entry of the merchandise at a less value than that found in final appraisement was without intent to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The petition is therefore granted and judgment will be rendered accordingly.

### CONCURRING OPINION

MOLLISON, Judge: I concur in the conclusion reached by Judge Cole that the petition in this case should be granted and in the reasoning generally which led him to that conclusion. I am of the opinion, too, that the record as a whole shows that the acts of the responsible person in the petitioning firm, and of the customs broker he employed, which resulted in the undervaluation herein, were referable to ignorance and want of experience in customs matters rather than to lack of good faith.

### DISSENTING OPINION

OLIVER, Presiding Judge: I regret that I cannot concur with my associates herein as I am of opinion that the petition in the above-entitled remission case should be denied. Throughout the reappraisement proceeding, as evidenced by the decision therein, and also from the record in the present action, the importer's position was that he had purchased at the market value; that the price paid established the value of the merchandise; and that entry had been made at the purchase price in good faith.

I am of opinion that the record establishes that the petitioner did not enter his merchandise at the price he paid for it.

On this entire record, it seems to me that the petitioner did not exhibit the good faith required of him, nor did he make the complete disclosure of conditions as he claimed they existed so as to place him in a position where the petition for remission of additional duties should be granted.

The petition for remission herein should, in my opinion, be denied.